UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREESON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>QUICKEN LOANS INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04877-VC<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 7, 10 |

　　　　The application for a temporary restraining order is denied. The plaintiffs have not shown any likelihood of success on the merits of their claims. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), *and Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

　　　　The plaintiffs' claims rely on the defendants' alleged failure to provide periodic statements in violation of 12 C.F.R. § 1026.41. The defendants argue that they were not required to provide periodic statements after the plaintiffs filed for bankruptcy and their bankruptcy was discharged. *See* 12 C.F.R. § 1026.41(e)(5)(i)(A).

　　　　There is some confusion regarding the defendants' obligation to provide periodic statements. In 2013, the Consumer Financial Protection Bureau stated that periodic statements were not required for mortgage debts discharged in bankruptcy proceedings. *See* Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 62993-01, 62998. *See also Roth v. Nationstar Mortgage, LLC*, No. 215CV783FTM29MRM, 2016 WL 3570991, at *7 (M.D. Fla. July 1, 2016).  In 2016, however, the Bureau revised the rule to "limit the circumstances in

which a servicer is exempt from the periodic statement requirements with respect to a consumer who is a debtor in bankruptcy or has discharged personal liability for a mortgage loan through bankruptcy." Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72160-01, 72310–11. For a servicer to qualify for the exemption under the revised rule, the borrower must additionally meet one of the criteria listed in § 1026.41(e)(5)(i)(B).[1]

It is unclear from the record if the defendants were obligated to send periodic statements after the rule's revision in 2016. Even if they were, however, the injunction the plaintiffs seek does not address the resulting harm. The defendants sent the plaintiffs information about the loan as early as 2018, and they offered the plaintiffs a loan modification agreement (the legal adequacy of which the plaintiffs don't challenge in this TRO application) that would have allowed them to avoid foreclosure. The plaintiffs are not currently facing foreclosure because the bank failed to send them any required periodic statements; they are facing foreclosure because they have not made any payments on their home since 2008.

**IT IS SO ORDERED.**

Dated: September 7, 2022

VINCE CHHABRIA
United States District Judge

---

[1] The defendants cite to *Loewy v. CMG Mortgage, Inc.* for the proposition that "the TILA's provisions [on periodic statements] do not apply once a borrower goes into bankruptcy," and that, after the loan is discharged, the servicer is obligated to provide periodic statements only if the borrower "reaffirm[s] personal liability for the loan [or] request[s] in writing that the servicer provide a periodic statement." 385 F. Supp. 3d 1083, 1088–89 (S.D. Cal. 2019) (quoting 12 C.F.R. § 1026.41(e)(5)(ii)). To the extent that *Loewy* discusses the 2016 rule, that blanket statement appears to be wrong.